**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA ex rel. ADVENTIST HEALTH SYSTEM/WEST, and on behalf of the STATES of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, WASHINGTON, the COMMONWEALTHS of MASSACHUSETTS, PUERTO RICO, and VIRGINIA, and the DISTRICT OF COLUMBIA,

Plaintiffs/Relator,

v.

ABBVIE INC.; ALLERGAN SALES, LLC; ALLERGAN USA, INC.; ASTRAZENECA LP; ASTRAZENECA PHARMACEUTICALS LP; NOVARTIS PHARMACEUTICALS CORPORATION; NOVARTIS AG; SANDOZ, INC.; SANOFI-AVENTIS U.S. LLC; SANOFI US SERVICES INC.; SANOFI S.A.; AND GENZYME CORPORATION,

Defendants.

Case No. 2:21-CV-04249-DSF-SKx

**STIPULATED PROTECTIVE ORDER**

1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purposes other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and as defined below. The parties further acknowledge, as set forth in Section 12.3 (Filing Protected Material), below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. GOOD CAUSE STATEMENT

This action is likely to involve health records, trade secrets, customer and pricing information, and other valuable research, development, commercial, financial, sensitive, and/or proprietary information for which special protection from public disclosure and from use for any purpose outside of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, health records, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be confidential, privileged, or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common

law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential or that is protected from disclosure by the attorney-client privilege, work-product doctrine, or other applicable privileges, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 Action: this pending federal lawsuit.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4 "CONFIDENTIAL HEALTH INFORMATION" or "CHI": Any patient health information protected by state or federal law, including but not limited to "Protected Health Information" or "PHI" as set forth in 45 C.F.R. § 160.103. The Parties and Non-Parties desire to ensure the privacy of patient records and other information that the Parties have determined might contain CHI, and agree that a Producing Party may designate CHI as "CONFIDENTIAL" Information or Items at a minimum and, as such, subject to the terms of this Order.

2.5 Counsel: Outside Counsel of Record and In-house Counsel (as well as

their support staff).

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action (as well as their support staff).

2.9 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or non-Party would create a substantial risk of serious commercial, strategic, business or competitive harm that could not be avoided by less restrictive means. The following types of information may, but do not necessarily qualify: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, employee information, web traffic data, strategic plans, information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"), commercial agreements, license agreements, settlement agreements or communications, and other non-public information of similar business sensitivity.

2.10 In-house Counsel: attorneys who are employees of a party to this Action. In-house Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff.

2.13 Party: any party to this Action (including the United States and the States referenced in the operative Complaint), including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.14 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Order does not restrict in any manner a Producing Party's use of its own documents, information, or other material, regardless of how such material may be

designated under this Order, and nothing in this Order shall preclude any Party from showing information designated as "Confidential Information" or "Highly Confidential Information—Attorneys' Eyes Only" to an individual who prepared or previously received the material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations and protections imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must act in good faith in designating for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

In particular, the Parties recognize that AEO designations significantly burden trial preparation and discovery by precluding the sharing of materials with the Parties' own clients. Consequently, the Parties agree that they shall exercise extreme diligence when designating materials as AEO.

This Order shall not be construed to protect from production or to permit the designation as Protected Material of any Discovery Material that: (i) the Designating Party has not made reasonable efforts to keep confidential; or (ii) has been produced in any other action or proceeding without confidentiality protection, except inadvertently produced documents.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation. A Designating Party who has designated Discovery Material as Protected Material may remove such designation by notifying counsel for the other Party in writing or by so stating on the record at any hearing or deposition. In that event, the Designating Party shall produce a substitute of the Discovery Material without any confidentiality markings, which shall bear the same Bates number as the original Discovery Material with an appropriate indication of the removal of the confidentiality designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party who produces Protected Material in electronic form in native format shall produce the native with a corresponding slip-sheet TIFF placeholder image file, which may include the phrase "CONFIDENTIAL INFORMATION—SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY," as appropriate, and a Bates number along with language indicating that the document is being produced as a Native File. The Parties reserve the right to agree to other means to designate Protected Material produced in electronic form or to ask the Court to permit designation of such Protected Material in another manner.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also

must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions if designated by counsel for the deponent or the Designating Party as such when the deposition is taken or within thirty days after receipt of the transcript. Unless otherwise ordered or agreed by the Parties, the entire transcript shall be treated as Confidential Information until the expiration of that thirty-day period, and any designation made after receipt of the transcript shall be specific as to the portions to be protected. No persons other than persons authorized to receive access to Protected Material may attend, review the transcripts of, or view videotaped witness depositions during the time when Protected Material is shown or discussed.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend.

If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. In the event that a Party inadvertently fails to designate materials or information (other than a deposition transcript) as confidential under this Order, the Party may move the Court and request that the materials be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any Party intending to file such a motion shall provide all other Parties written notice of that intention. Any Party receiving such notice shall treat the materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" pending judicial resolution of the motion, provided that the motion is filed within 14 days of the notice. If written notice is provided but no motion is filed within 14 days of the notice, any Party can treat the materials as not "CONFIDENTIAL" and/or not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order and are not waived by the failure to raise the challenge at the time of initial production or designation.

6.2 Meet and Confer. Any challenge to a designation of confidentiality under this Order shall be in writing, shall be served on Counsel of the Producing Party, shall particularly identify the documents or information that the Challenging Party contends should be differently designated, and shall state the grounds for the objection. This written notice shall initiate the dispute resolution process under Civil Local Rule 37-1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that

is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, stenographers, videographers, and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) the United States and the States identified in the case caption in the operative Complaint;

(i) a deposition witness to the extent reasonably necessary to achieve the purpose of the deposition provided: (1) the questioning party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed testimony or exhibits that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) one of the Receiving Party's In-house Counsel who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, stenographers, videographers, and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) the United States and the States identified in the case caption in the operative Complaint;

(i) a deposition witness to the extent reasonably necessary to achieve the purpose of the deposition provided: (1) the questioning party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed testimony or that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to

produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

(d) If a Non-Party produces Disclosure or Discovery Material in response to a valid subpoena, any Party may move the Court and request that the materials be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any Party intending to file such a motion shall provide all other Parties written notice of that intention. Any Party receiving such notice shall treat the materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pending judicial resolution of the motion, provided that the motion is filed within 14 days of the notice. If written notice is provided but no motion is filed within 14 days of the notice, any Party can

treat the materials as not "CONFIDENTIAL" and/or not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. FEDERAL RULE OF EVIDENCE 502(d) GOVERNS THE INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The Parties agree that the inadvertent production of discovery materials in this Action shall not waive—for purposes of this Action, any other state or federal action or proceeding, or otherwise—any attorney-client, work-product, or other privilege or immunity (together, "privileged information") applying to that document or the subject matter thereof. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Rule 502(b) do not apply. Privacy rights protected by the General Data Protection Regulation 2016/679 ("GDPR") or any other rule or requirement are not waived by the production of protected information, including personal data. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may

incorporate their agreement in the stipulated protective order submitted to the Court. Nothing contained in this Order is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. This provision is not intended to modify whatever procedure may be established in an e-discovery agreement or order that provides for production without prior privilege review.

If a Producing Party determines that it has inadvertently produced a privileged or otherwise protected document, the Producing Party shall provide written notice to each Receiving Party. This notice shall contain information sufficient to: (a) identify the document, by Bates number if applicable or by identifying information as necessary to locate the document within the materials produced; (b) identify the privilege or protection asserted; and (c) explain the basis for the invocation of the privilege or protection, including at minimum, the information required by Federal Rule of Civil Procedure 26(b)(5)(A). When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

In the event of a dispute about the Producing Party's privilege claim, the Parties must promptly meet and confer to attempt to resolve the dispute. If the Parties are unable to resolve the dispute, the Receiving Party may file a motion with the Court pursuant to Fed. R. Civ. P. 26(b)(5)(B) that encloses a copy of the information that the Producing Party claims is privileged, under seal in accordance with Local Rule 79-5.2.2, for a determination of the privilege claim. Until the privilege dispute is resolved, the Receiving Party may retain possession of the disputed document, but must sequester all copies of the document and shall not use or disclose the document. In the event that the Court denies the Receiving Party's motion, the Receiving Party shall return or destroy all copies of the disputed

documents to the Producing Party, as requested in the Producing Party's original notice, within fifteen (15) days of the Court's order.

12. MISCELLANEOUS

12.1 Right to Seek Modification. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any and all provisions of this Order, notwithstanding the final termination or conclusion of this action. The Order shall not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4 HIPAA-Qualified Protective Order. In order to safeguard information that is subject to the Health Insurance Portability and Accountability Act (HIPAA) and its implementing regulations, 45 C.F.R. § 164.512, this Order is a qualified protective order within the meaning of 45 C.F.R. § 164.512. In accordance with 45 C.F.R. § 164.512, the Parties are prohibited from using or disclosing the protected health information for any purpose other than this litigation and are required to return to the covered entity or to destroy copies of the protected health information

(including all copies made) at the end of this litigation pursuant to Paragraph 13 below.

12.5 Data Privacy Laws. The Parties can treat or mark as confidential sensitive personal data, private personal data, and other content protected by international data privacy laws, including, but not limited to, the Swiss Federal Act on Data Protection ("FADP"), the GDPR, and the Secrecy Provisions in the Swiss Criminal Code. "Personal Data" shall mean all information relating to an identified or (directly or indirectly) identifiable natural person ("Data Subject") originating from or processed in, inter alia, Switzerland or the European Union/European Economic Area. "Personal Data" includes, but is not limited to, the Data Subject's name, location data (such as an address or a phone number) or online identifiers (such as email or IP addresses). Nothing in this Order shall prevent the Parties from redacting such Personal Data protected by international data privacy laws. The Parties further recognize that certain witnesses may be subject to laws concerning data privacy, data secrecy, or cross-border data transfer restrictions that require protections or limitations beyond those described herein. The Parties shall work in good faith to address such issues as they arise and to abide by relevant foreign laws and regulations and shall meet and confer in the event an issue arises.

12.6 Artificial Intelligence ("AI") Use: The Parties shall not upload, input, or otherwise submit any Disclosure or Discovery Material, in whole or in part, into any open or publicly facing AI system, machine learning model, or generative AI tool, unless expressly authorized in writing by the Producing Party. This prohibition includes, but is not limited to, AI platforms that retain, store, or train on submitted data. The Producing Parties' Disclosure or Discovery Material and derived data must be purged from any and all AI platforms following the final disposition of this Action, as defined in Section 4 (DURATION). The Parties shall implement reasonable safeguards to ensure compliance with this restriction and prevent inadvertent disclosure through AI-related technologies. The Parties further agree to

take reasonable steps to ensure that their employees, counsel, agents, consultants, contractors, and any other persons or entities who may have access to such materials comply with this provision.

13. FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4 (DURATION), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. In addition, the Receiving Party shall take adequate steps to ensure that any and all electronic copies of Protected Material are deleted and permanently erased from any computer or computer system on which such materials were stored, except that the Receiving Party is not required to delete any Protected Information on archive tapes, server back-up tapes or server back-up storage media if the Receiving Party has a data destruction policy for the back-up media resulting in the eventual destruction or overwriting of the electronically stored information. Within 60 days of receiving a written request after final disposition in accord with this paragraph, the receiving Party's Counsel shall notify the Producing Party that such return or destruction occurred. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED: August 28, 2026

*<u>/s/ Kenneth D. Capesius</u>*
Kenneth D. Capesius (SBN 347555)*
kcapesius@baronbudd.com
W. Scott Simmer (admitted *pro hac vice*)
ssimmer@baronbudd.com
Noah M. Rich (admitted *pro hac vice*)
nrich@baronbudd.com
**BARON & BUDD, P.C.**
2600 Virginia Ave. NW
Suite 900
Washington, DC 20037
Telephone: 202.333.4562

Daniel R. Miller (admitted *pro hac vice*)
dmiller@wmhlaw.com
**WALDEN HARAN WILLIAMS LLP**
800 N. King Street, Suite 303
Wilmington, DE 19801
Telephone: 302.540.1568

Jonathan Z. DeSantis (admitted *pro hac vice*)
jdesantis@wmhlaw.com
**WALDEN HARAN WILLIAMS LLP**

2000 Market Street, Suite 1430
Philadelphia PA 19103
Telephone: 215.825.5283

William H. von Oehsen (admitted *pro hac vice*)
William.vonOehsen@PowersLaw.com
Ronald S. Connelly (admitted *pro hac vice*)
Ron.Connelly@PowersLaw.com
**POWERS PYLES SUTTER & VERVILLE PC**
1501 M Street NW, 7th Floor
Washington, DC 20005
Telephone: 202.872.6765
Facsimile: 202.785.1756

*admitted only in California

*Attorneys for Plaintiff-Relator*

DATED: August 28, 2026

*/s/ Amy Jane Longo*

Amy Jane Longo (Bar No. 198304)
ROPES & GRAY LLP
10250 Constellation Boulevard
Los Angeles, CA 90067
amy.longo@ropesgray.com
Telephone: (310) 975-3269
Facsimile: (310) 975-3366

Laura G. Hoey (admitted *pro hac vice*)
ROPES & GRAY LLP
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
laura.hoey@ropesgray.com
Telephone: (312) 845-1200
Facsimile: (312) 845-5500

John P. Bueker (admitted *pro hac vice*)
ROPES & GRAY LLP
Prudential Tower, 800 Boylston St.
Boston, MA 02199
john.bueker@ropesgray.com

Telephone: (617) 951-7000
Facsimile: (617) 951-7050

*Attorneys for Defendants Genzyme Corporation, Sanofi US Services Inc., and Sanofi-Aventis U.S. LLC*

*<u>/s/ Kelly Perigoe</u>*
Kelly Perigoe (SBN 268872)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
kperigoe@kslaw.com
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Jeffrey S. Bucholtz (admitted *pro hac vice*)
Ashley C. Parrish (admitted *pro hac vice*)
John D. Shakow (admitted *pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue NW, Suite 900
Washington, DC 20006
jbucholtz@kslaw.com
aparrish@kslaw.com
jshakow@kslaw.com
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

Martha Banner Banks (admitted *pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
bbanks@kslaw.com
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

*Attorneys for Defendants AbbVie Inc., Allergan Sales, LLC, and Allergan USA, Inc.*

*<u>/s/ Paula R. Ramer</u>*
Oscar Ramallo (SBN 241487)

oscar.ramallo@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4290
Facsimile: (213) 243-4199

Paula R. Ramer (admitted *pro hac vice*)
Jennifer J. Oh (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
paula.ramer@arnoldporter.com
jennifer.oh@arnoldporter.com
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

Jeffrey L. Handwerker (admitted *pro hac vice*)
Elliot S. Rosenwald (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
elliot.rosenwald@arnoldporter.com
jeffrey.handwerker@arnoldporter.com
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

*Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP*

*/s/ Carolyn A. Delone*
Stephanie Yonekura (SBN 187131)
HOGAN LOVELLS CADWALADER US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
stephanie.yonekura@hoganlovells.com
Telephone: (310) 785-4600

Facsimile: (310) 785-4601

Jonathan L. Diesenhaus (admitted *pro hac vice*)
Carolyn A. DeLone (admitted *pro hac vice*)
Rachel M. Stuckey (admitted *pro hac vice*)
HOGAN LOVELLS CADWALADER US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
jonathan.diesenhaus@hoganlovells.com
carrie.delone@hoganlovells.com
rachel.stuckey@hoganlovells.com
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Novartis Pharmaceuticals Corporation and Sandoz Inc.*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 29, 2026



________________________________
Honorable Steve Kim
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ________________________________________ [print or type full name], of ______________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") that was issued by the United States District Court for the Central District of California on [date] in the case of *United States ex rel. Adventist Health System/West, et al. v. AbbVie Inc., et al.*, Case No. 2:21-CV-04249-DSF-SK. I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint __________________________ [print or type full name] of _______________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: ______________________________________

City and State where sworn and signed: _________________________________

Printed name: _______________________________

Signature: __________________________________